JIMMIE SUE MORRIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent KENNETH W. MORRIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morris v. Commissioner
Docket Nos. 659-76, 806-76.
United States Tax Court
T.C. Memo 1978-68; 1978 Tax Ct. Memo LEXIS 451; 37 T.C.M. (CCH) 336; T.C.M. (RIA) 780068; February 22, 1978, Filed Jimmie Sue Morris, pro se. Kenneth W. Morris, pro se.
Stuart B. Kalb, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: In these consolidated cases, respondent determined deficiencies in petitioners' Federal income tax as follows: Docket
Taxable
No.
Year
Deficiency
Jimmie Sue Morris
659-76
1973
$194.71
Kenneth W. Morris
806-76
1973
$242.15
Other issues raised in the statutory notice of deficiency having been conceded by each petitioner, the issues remaining for decision are as follows: 1. Whether petitioner Jimmie Sue Morris or petitioner Kenneth *453 W. Morris is entitled to claim a dependency exemption deduction under section 152 [1] for their daughter, Sheila, for 1973. 2. Whether petitioner Jimmie Sue Morris is entitled to a deduction in the amount of $443 under section 214 for child care expenses for her daughter, Sheila, in 1973. FINDINGS OF FACT At the time her petition was filed, Jimmie Sue Morris (petitioner in docket No. 659-76) was a legal resident of Maitland, Florida. She filed her Federal income tax return for 1973 with the Office of Director, Southeast Internal Revenue Service Center, Chamblee, Georgia. At the time his petition was filed, Kenneth W. Morris (petitioner in docket No. 806-76) was a legal resident of Longwood, Florida. He filed his Federal income tax return for 1973 with the Office of Director, Southeast Internal Revenue Service Center, Chamblee, Georgia.
On April 5, 1971, Jimmie Sue Morris (hereinafter Jimmie Sue) was granted a divorce from Kenneth W. Morris (hereinafter Kenneth). The Final Judgment of Divorce provided that Jimmie Sue *454 was to have custody of their two minor children, Anthony and Sheila. Paragraphs 7, 8, and 9 of the Final Judgment of Divorce provided as follows: 7. The Defendant shall pay unto the Plaintiff as child support the sum of ONE HUNDRED AND NO/100($100.00) DOLLARS per child per month beginning April 2, 1971, and monthly thereafter until said children reach the age of twenty-one years, become emancipated, or otherwise self-sustaining; that the Defendant shall take the minor children as tax deductions for the year 1971 and subsequent years so long as he is current in payment of child support. 8. The Defendant shall pay unto the Plaintiff as alimony during the months of April, May and June, 1971, the sum of TWO HUNDRED AND NO/100 ($200.00) DOLLARS each month. 9. The Defendant shall pay unto the Plaintiff as alimony beginning July, 1971, the sum of ONE HUNDRED TWENTY-FIVE AND NO/100 ($125.00) DOLLARS per month, which said sum shall continue until her remarriage or death, whichever occurs first. On November 29, 1971, the Circuit Court, in and for Seminole County, Florida (hereinafter the circuit court), issued an order wherein it adjudged Kenneth in contempt for nonpayment of child *455 support and alimony due in November 1971, in the total amount of $325. Paragraphs 8 and 9 of that order provided as follows: 8. All future payments of child support pursuant to Paragraph 7 of the Final Judgment and all future alimony payments pursuant to Paragraph 9 of the Final Judgment dated April 5, 1971, shall be paid on the 2nd day of each month beginning December 2, 1971, and monthly on the 2nd day of each month thereafter in accordance with the requirements of said Final Judgment pursuant to Rule 1; and the Defendant, KENNETH WAYNE MORRIS, * * * shall pay to the Clerk of the Circuit Court, Seminole County, Florida, for disbursement to the Plaintiff, JIMMIE SUE MORRIS, * * * for the support and maintenance of the minor children of the parties, the sum of $200 per month plus Clerk's fee of $2.00 for a total due per month of $202, commencing December 2, 1971, and continuing monthly thereafter until said children reach the age of 21 years, become emancipated, or otherwise self-sustaining. All payments required herein shall be by cash, postal money order, or certified check. * * * 9. The Defendant, KENNETH WAYNE MORRIS, * * * shall pay to the Clerk of the Circuit Court, Seminole *456 County, Florida, for disbursement to the Plaintiff, JIMMIE SUE MORRIS, * * * as alimony for her support and maintenance, the sum of $125 per month plus Clerk's fee of $1.25 for a total due per month of $126.25, commencing December 2, 1971, and continuing monthly thereafter until Plaintiff's remarriage or death, whichever occurs first.All payments required herein shall be by cash, postal money order, or certified check. * * * During 1973, Jimmie Sue was employed as an inventory clerk with Carl W. Lindell Company. Sheila lived with Jimmie Sue and was in her custody during the entire year. On January 3, 1973, a judgment was rendered against Kenneth in favor of Jimmie Sue in the amount of $1,125. Such amount represented alimony arrearages as of that date. On February 26, 1973, the circuit court entered an Order Modifying Final Judgment of Divorce rendered on April 5, 1971. Paragraphs 1, 2, and 3 of the Order Modifying Final Judgment provided as follows: 1. The Husband, KENNETH WAYNE MORRIS, is granted the care, custody and control of the minor child, ANTHONY DeWAYNE MORRIS, subject to rights of reasonable visitation to the Wife with said child. 2. The Husband, KENNETH *457 WAYNE MORRIS, shall reduce his child support payments to the Wife by $100 effective September, 1972; that the Husband shall continue to pay unto the Wife, JIMMIE SUE MORRIS, as child support for the minor child, SHEILA RENEE MORRIS, the sum of $100 per month in accordance with Paragraph 7 of the original Final Judgment of Divorce.
3.The Husband, KENNETH WAYNE MORRIS, shall pay unto the Wife, JIMMIE SUE MORRIS, as alimony beginning February 15, 1973, the sum of $100 per month, which said sum shall continue until her remarriage or death, whichever occurs first. On August 1, 1973, the Sheriff of Collier County, Florida, by virtue of a Writ of Execution issued by the circuit court with respect to the April 5, 1971, Final Judgment of Divorce, levied upon and sold certain real property of Kenneth for $1,205. Of this amount, $48.74 was deducted for expenses and $1,156.26 ($1,125 principal plus $31.26 interest) was paid to Jimmie Sue's attorney who deducted costs of $178.51 and remitted $977.75 to Jimmie Sue. This sum received by Jimmie Sue represented alimony. In addition to the $977.75 amount, the following amounts were paid by Kenneth and received by Jimmie Sue through the clerk *458 of the circuit court during 1973: Amount Paid
Amount of
Amount Received Date
by Kenneth
Clerk's Fee
by Jimmie Sue
Jan. 4
$ 100
$ 1
$ 99
Jan. 8
125
1
124
Feb. 6
100
1
99
Mar. 7
200
1
199
April 4
200
1
199
May 3
100
1
99
June 5
100
1
99
July 6
100
1
99
Aug. 6
100
1
99
Sept. 7
100
1
99
Oct. 5
100
1
99
Oct. 5
100
1
99
Nov. 5
100
1
99
Dec. 7
100
1
99
Total
$1,525 $13
$1,512
When Kenneth made the above-mentioned payments through the clerk of the circuit court during 1973, he did not indicate on the checks or otherwise whether such sum represented alimony or child support or both. The payments made through the clerk of the circuit court from January 4, 1973, through May 3, 1973, were recorded on the payment record sheet of the clerk which related to the $125 monthly alimony payments. The payments made from June 5, 1973, through December 7, 1973, were recorded on the payment record sheet of the clerk which related to the $200 ( $100 effective September 1972) child support payments. On December 19, 1973, the circuit court issued an order adjudging Kenneth in willful contempt for failing to pay *459 Kenneth W. McIntosh's attorney fees in the amount of $150 and Jimmie Sue's alimony of $900 pursuant to that court's order dated February 26, 1973. Paragraphs 3 and 4 of that order provide as follows: 3) The Husband, KENNETH WAYNE MORRIS, shall be incarcerated in the Seminole County Jail for fifteen (15) days beginning at 5:00 p.m. December 19, 1973, but may purge himself of such contempt by paying: a) KENNETH W. McINTOSH ONE HUNDRED FIFTY DOLLARS ($150.00) as required by Paragraph 4 of Order dated February 26, 1973. b) JIMMIE SUE MORRIS TWO HUNDRED DOLLARS ($200.00) to be applied to unpaid alimony arrearage of NINE HUNDRED DOLLARS ($900.00). 4) The Husband shall pay ONE THOUSAND FIFTY DOLLARS ($1,050.00) on or before February 15, 1974, said sum shall represent full payment of the following: a) ONE HUNDRED FIFTY DOLLARS ($150.00) to KENNETH W. McINTOSH as a reasonable attorney fee for the prosecution and defense of Husband's Petition for Modification of Final Judgment and Order dated February 26, 1973. b) NINE HUNDRED DOLLARS ($900.00) alimony representing 1) SEVEN HUNDRED DOLLARS ($700.00) toward the balance of the unpaid arrearage, 2) TWO HUNDRED DOLLARS ($200.00) *460 to wife as alimony for January and February, 1974. All payments shall be direct to the person mentioned by cashier's check. The December 19, 1973, order did not specifically provide that any payments were to be made through the clerk of the circuit court. On December 19, 1973, Kenneth paid Jimmie Sue $200 for alimony arrearages. On her 1973 Federal income tax return, Jimmie Sue reported alimony in the amount of $1,756.26 and computed the total support of Sheila for that year as follows: Item
Per Month
During Year
Lodging
$162.50
$ 1,950.00
Food
62.50
750.00
Utilities
24.00
288.00
Clothing
12.00
144.00
Medical-Dental
8.00
96.00
Travel-Recreation
5.00
60.00
Child Care Expenses
37.00
444.00
$311.00
$3,732.00
Jimmie Sue claimed on her 1973 return that she provided $2,544 of Sheila's total support and that Kenneth provided $1,188 in child support. Jimmie Sue computed the $1,188 amount as follows: Date
Payment Received
1/4/73
$ 99
2/6/73
99
3/7/73
99
4/4/73
99
5/3/73
99
6/5/73
99
7/6/73
99
8/6/73
99
9/7/73
99
10/5/73
99
11/5/73
99
12/7/73
99
Total
$1,188
On her 1973 return, Jimmie Sue *461 claimed a dependency exemption deduction for her daughter, Sheila, and also claimed a deduction for child care expenses in the amount of $443. In his statutory notice of deficiency, respondent disallowed the dependency exemption deduction and the deduction for child care expenses. On his 1973 return, Kenneth claimed a deduction for alimony in the amount of $1,725. During 1973 Kenneth paid $265.92 for medical and hospitalization insurance premiums which covered the medical and hospitalization expenses of Sheila and Anthony. During that year he paid $248.86 in life insurance premiums with respect to a policy on his life with Sheila and Anthony designated as irrevocable beneficiaries. Kenneth also paid $865.54 toward Sheila's support during the 59 days of 1973 in which she visited him. On his 1973 return, Kenneth claimed a dependency exemption deduction for his daughter, Sheila. In his statutory notice of deficiency, respondent disallowed this deduction. OPINION In the case of a child of divorced parents, section 152(e)(1) provides that the parent with custody of the child is entitled to the dependency exemption under section 151(e).There are, however, two exceptions to *462 this general rule. First, section 152(e)(2)(A) provides that if the decree of divorce between the parents provides that the noncustodial parent shall be entitled to the dependency exemption deduction for such child, such parent may have the dependency exemption deduction provided he shows that he furnished at least $600 support for the child. Second, section 152(e)(2)(B) provides that, even if the divorce decree is silent on the dependency exemption deduction, the noncustodial parent is still entitled to the deduction if he shows that he provided at least $1,200 of support for the child and if the custodial parent does not "clearly establish" that she provided more support than did the noncustodial parent. See also section 1.152-4(d), Income Tax Regs.
In the instant case, the original divorce decree provided that Kenneth, the noncustodial parent, was entitled to take dependency exemption deductions for Anthony and Sheila "for the year 1971 and subsequent years so long as he is current in payment of child support." [2]/ Kenneth argues that he was current in payment of child support for Sheila during 1973 and that he provided more than $600 for her support during that year. *463 [3] Thus he contends that the requirements of section 152(e)(2)(A) have been satisfied and that he is entitled to the dependency exemption deduction for Sheila regardless of whether he provided more for Sheila's support than did Jimmie Sue. We agree with Kenneth. According to the original divorce decree, Kenneth was required to pay to Jimmie Sue the amount of $200 per month for the support of his children, Anthony and Sheila, beginning April 2, 1971, and $125 per month for alimony [4]/ beginning July 1971. On November 29, 1971, the circuit court issued an order requiring Kenneth to make future child support and alimony payments through the clerk of the circuit court. The order further provided that Kenneth should pay a clerk's *464 fee of $2 on the $200 per month child support payments and $1.25 on the $125 per month alimony payments. Subsequently, on February 26, 1973, the circuit court gave custody of Anthony to Kenneth and reduced child support payments by $100, effective September 1972. During 1973 Kenneth paid $1,525 through the clerk of the circuit court. [5]/ In the early part of each month of 1973, Kenneth made a payment of at least $100, but he did not indicate on the checks or otherwise whether the sum so paid represented alimony or child support or both. In these circumstances, under section 1.71-1(e), Income Tax Regs., the payment of the first $100 in each month during 1973 is considered child support. However, respondent and Jimmie Sue maintain that, since Jimmie Sue received only $99 each month for child support after the clerk deducted a $1 fee, Kenneth was not current in his child support payments for that year. *465 Although the circuit court's order of November 29, 1971, specifically made provision for Kenneth's payment of a fee to the clerk, it is not clear from this decree whether Kenneth was required to pay the fee in order to qualify for the dependency exemption deductions. Moreover, that court's order of February 26, 1973, modifying the original divorce decree and its order of December 19, 1973, finding Kenneth in contempt for nonpayment of alimony, said nothing about such fee and did not provide that any payments were to be paid through the clerk of the circuit court. Indeed, the circuit court's order of February 26, 1973, expressly provided that Kenneth should "continue to pay unto the Wife, JIMMIE SUE MORRIS, as child support for the minor child, SHEILA RENEE MORRIS, the sum of $100 per month in accordance with Paragraph F of the original Final Judgment of Divorce." Viewing these orders together, we think, although it is not altogether clear, that the circuit court intended, by not making specific reference to the clerk's fee in the latter two orders, to indicate that Kenneth could discharge his support obligation by paying $100 (not $101) per month. Kenneth testified that he did *466 not know that the clerk's fee was deducted from the amounts he paid to the circuit court during 1973 and that he did not become aware that such fee was being extracted until sometime in 1974. He further testified that he continued to make payments through the clerk of the circuit court to assure that such amounts were properly recorded to his credit. On the basis of this testimony, which we found to be credible, and the ambiguity inherent in the various orders of the circuit court, referred to above, we think that Kenneth's confusion concerning the payment of the clerk's fee was reasonable, at least for the greater part of 1973, and that his failure to include such fee in his payments to the circuit court during 1973 was justified. Finally, Jimmie Sue's and respondent's whole case is based on Kenneth's failure in 1973 to pay $101 per month into the circuit court's registry as support for Sheila so that Jimmie Sue would receive a net amount of $100 per month rather than $99 per month. They take this position even though Kenneth maintained a medical and hospitalization policy which covered Sheila during 1973 and provided $865.54 of additional support during the 59 days Sheila spent *467 with him during that year. [6]/ In the light of all the facts, we think the deficiency for the year (i.e., $2 if the February 26, 1973, order modified the requirement that Kenneth make payments through the circuit court's registry and $12 if it did not so modify that requirement), if it can be so regarded, was deminimus, and the failure to pay this small amount does not constitute a breach of the support agreement. We think the State court would so hold. To be sure Kenneth failed, on several occasions after his divorce became final on April 5, 1971, to fully comply with the terms of the original divorce decree and, as a result, was brought before the circuit court to compel his compliance. However, the record reveals that the various actions taken by the circuit court during 1973 related to Kenneth's delinquent and irregular payment of alimony. Only on one occasion (the order of November 29, 1971) did the circuit court specifically find Kenneth in arrears in his child support payments and on that occasion he was behind in his payment of *468 child support for only one month in a year other than 1973. We find no circuit court order or action which indicates that Kenneth was, at any time during 1973, not current in his child support payments. Since we have found that Kenneth is entitled to the dependency exemption deduction for Sheila during 1973, section 214 by its terms denies Jimmie Sue the claimed deduction for child care expenses in the amount of $443 for that year. To reflect the foregoing and the concessions made by each petitioner, Decision will be entered for the respondent in docket No. 659-76. Decision will be entered under Rule 155 in docket No. 806-76. Footnotes
1. All section references are to the Internal Revenue Code of u954, as in effect during the tax year in issue, unless otherwise noted.↩
2. Subsequently, in its Order Modifying Final Judgment dated Feb. 26, 1973, the circuit court granted custody of Anthony to Kenneth. The dependency exemption, as it relates to Anthony, is not at issue before this Court. ↩
3. Respondent concedes that if Kenneth was current in his payments for child support during 1973, he has met the $600 test of sec. 152(e)(2)(A) and is thereby entitled to the dependency exemption for Sheila.↩
4. /↩ The original divorce decree provided that Kenneth was required to pay $200 per month as alimony for April, May, and June, 1971.
5. /↩ The record indicates that the amount of $977.75 received by Jimmie Sue sometime after Aug. 1, 1973, from the sale of real property owned by Kenneth represented alimony. It is clear that the payment of $200 on Dec. 19, 1973, also represented alimony. Our focus is thus narrowed to the $1,525 amount paid to the circuit court.
6. /↩ While he did not pay these amounts to Jimmie Sue, as provided in the decree, they were used for Sheila's support.